Farley *v.* Bryant.

———

EBEN FARLEY, *in Equity, versus* NATH. BRYANT & *al.*

Leave is properly given, at *Nisi Prius*, to file items of cost after the expiration of a year from the rendition of judgment, it being shown by the party applying for such leave, that he has exercised due diligence.

The question whether such diligence is shown, is one of fact, to be decided by the Judge at *Nisi Prius*, and exceptions will not lie from his decision.

IN EQUITY.

EXCEPTIONS from *Nisi Prius*, SHEPLEY, C. J., presiding.

The question in this case, was simply as to the time of filing in the clerk's office, the items of costs claimed to be

allowed. The circumstances under which application for leave to file the claim for costs, was made, sufficiently appear in the opinion of the Court.

*H. C. Lowell*, for defendant.

1. By the rules of the common law the Court was deemed so far to have retained its jurisdiction over the cause and parties, for a *year and a day*, as to have power to assess and certify costs to the party entitled thereto, and to compel payment of the same by execution against the goods, &c., of the party charged, or by process of contempt, but not afterwards. Co. Litt. 184, 259 ; Bac. Abr., Attorney, D ; 2 Sell. Pr. 429 ; *Hardisty* v. *Booney*, 2 Salk. 598.

The same principle has been recognized in this State, and is indeed substantially incorporated into our statutes and rules of Court. R. S. c. 115, § § 5, 104, 105, 106 ; Rules of Court, 9 Maine, 304; Nos. 1, 2, 3, 4, Rules in Chancery, 6 Maine, 481; Rule in Chancery, 18 Maine, 444, No. 21. The application to the Judge came too late here.

2. Courts of general chancery powers have, irrespective of statutory provision, a right to award and assess costs in two instances only; first, as condition precedent on which amendments or relief are granted in the progress of the proceedings; and the other on the final rendition of the judgment or decree, where it has the power, as incident to the case itself, to award and apportion the costs, and to enforce, at any time within a year and a day; that is, a year including the day on which judgment was rendered, the payment of the same by process of contempt. The Court here had no right to assess and certify costs after the year.

3. If the Court had the power to assess and certify costs after a year, there is no sufficient cause assigned for doing so in this case. There should be some reasonable cause; here there is no legal cause shown. *Allen & al., pet'rs,* v. *Haskell,* 31 Maine, 589 ; *Farley* v. *Bryant & al.*, 32 Maine, 480.

Besides, great injustice would be done by allowing costs to be assessed and enforced now.

*Ruggles,* for plaintiff.

There is no time fixed by statute, practice or adjudication, within which taxation of costs must at all events be filed. The Court, in *Allen* v. *Haskell,* 31 Maine, 589, distinctly intimates, that the items may be filed after the year for good cause shown.

In this case, the direction of the Judge to the clerk was a matter of *discretion,* and is not examinable on exceptions. What is a cause of delay is not matter of statute or fixed rule. The Judge to whom application is made properly decides that question.

CUTTING, J. — It appears from the documents before us, and others to which reference is made, that the plaintiff duly filed his bill in equity against the defendants, praying this Court to reform a deed upon the allegation of certain mistakes therein. That at the April term, 1851, judgment was rendered that the plaintiff was entitled to a decree reforming the deed in one particular and not in another, and that he should " recover his costs, excluding from the taxation thereof, all testimony not connected with the correction of that mistake." [See *Farley* v. *Bryant & als.,* 32 Maine, 480.]

It further appears, that on Nov. 4, 1853, the plaintiff filed the items of costs claimed by him to be allowed, in the clerk's office; that the clerk refused to consider or tax the same, because they were " filed after the expiration of one year from the rendition of judgment," and referred the parties to the Judge at *Nisi Prius,* who " allows bill of costs to be taxed before clerk." To this ruling the defendants except, and contend that the items were filed too late.

By statute, c. 115, § 104, " No first execution shall be issued after the expiration of one year, from the time judgment was entered." Consequently, in no event can the present judgment for costs, when taxed, be enforced by execution. It is to be presumed that the clerk, in the regular discharge of his duties, had made up the record, so far as the same could be done, before the schedule of costs was presented, with per-

haps a blank space left for the insertion of costs, if subsequently legally ascertained, and which can now be inserted and the record enlarged and amended only according to the truth and for good cause shown.

In *Allen* v. *Haskell*, 31 Maine, 589, this Court have decided, " that the taxation ought to be made up within some fixed time. Applications for that purpose, made more than a year after judgment, are considered too late, except for causes not appearing in that case," and cite Rule 21 of chancery practice.

Cases may occur, where a party, in the exercise of due diligence, is delayed more than a year after the rendition of judgment, before his costs can be finally adjudicated, settled and allowed; and to determine that such a party is without remedy would be, as to him, a denial of justice. The case, then, under consideration, involves this question of fact, has the plaintiff used due diligence? The evidence upon that issue was addressed to the final judgment and discretion of the presiding Judge, and, as a question of fact, was for him alone to decide, and from his decision no exceptions will lie. [Stat. of 1852, c. 216, § 8; *Jackson* v *Jones*, 38 Maine, 185.]

*Exceptions not sustained.*

RICE, APPLETON, and MAY, J. J., concurred.

TENNEY, C. J., did not sit.